**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM MAJOR MOORE,

                    Petitioner,                Case Number: 2:09-CV-14111

v.                                  HONORABLE AVERN COHN

MARY BERGHUIS,

                    Respondent.

_____/

## MEMORANDUM AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner William Major Moore (Petitioner) is a state inmate at the Bellamy Creek Correctional Facility in Ionia, Michigan. Petitioner filed a *pro se* petition for a writ of habeas corpus challenging his conviction for armed robbery, for which he is serving a sentence of twelve to twenty years. Respondent, through the Attorney General's office, filed a response, arguing that Petitioner's claims are procedurally defaulted and/or without merit. For the reasons that follow, the petition will be denied.

### II. Background

### A. Facts

Petitioner's conviction arises from an armed robbery at a gas station in Mt. Clemens, Michigan, on March 8, 2007.

Darlene Knight testified that, on that date, she was working a 2:00 to 9:00 p.m.

shift.  At approximately 8:30 p.m., someone jumped into the store, pointed at her, and told her to open the drawer because this was a "stick up."  His hand had a sock over it and she feared a gun was under the sock.  Knight testified that she feared for her life.  The man's face was covered by a ski mask and he wore a dark parka with an emblem on it.  Knight could tell that the perpetrator was a black man, but could not identify any other physical characteristics.  She testified that approximately $100.00 in five and ten dollar bills was taken.

Doris Elam testified that she lived near the gas station and that, on the night of the robbery, she saw a person running through her yard and putting items in the back of her garage.  The person was wearing a black and silver coat.  She testified that she knew Petitioner wore a coat like that.  She identified the person who ran through her yard as Petitioner.  Elam sent someone to go out behind her garage to find whatever had been left there.  The person returned with clothes in a garbage bag.  She later took the clothes to the police station.

Macomb County Deputy Sheriff Jason Taber testified that he was at the station house when Doris Elam came to the station and delivered a black bag containing several clothing items.  He testified that this occurred on March 9, 2007.  He delivered the items to Matthew Conforti, an evidence technician.  Matthew Conforti testified he transferred the bag to the main office of the Sheriff's Department where he removed a black and silver winter jacket, two black shirts, a leather glove, and a partial piece of fabric that may have come from a pant leg or shirt sleeve.

Michael Smith testified that Petitioner left a mutual friend's house shortly before the robbery wearing a black and silver jacket.  Before leaving the house, Petitioner told

2

Smith he was going to "hit a lick" which Smith understood to mean he was going to

illegally obtain money.  When Petitioner returned, he was not wearing the jacket and

had some cash.

Petitioner did not testify in his own defense.

### B.  Procedural History

Following a jury trial in Macomb County Circuit Court, Petitioner was convicted of

armed robbery.  On July 31, 2007, he was sentenced to twelve to twenty years in

prison.

Petitioner filed an appeal of right in the Michigan Court of Appeals.  He raised

these claims through counsel:

I.     The prosecutor's misconduct in this case including his improperly
questioning a witness, eliciting testimony and making references/argument
relating to Mr. Moore's financial condition and his being unemployed . . .
denied William Moore due process and a fair trial in violation of both the
federal and state constitutions. The result is a miscarriage of justice.

The prosecutor's misconduct here, including asserting or vouching for his
and the law enforcement officers certainty that Mr. Moore was the
perpetrator, . . . in addition to and/or combined with evidence/comments
as to Mr. Moore's unemployment/joblessness/lack of income flow violated
William Moore's state and federal constitutional right to due process and
to a fair trial.

II.    Defendant Moore's conviction . . . of armed robbery here is against the
great weight of the evidence and the trial court reversibly erred in denying
the defendant/appellant's in pro per motion for a new trial on that basis.

The verdict here was so manifestly against the clear/great weight of the
evidence, it weighed so heavily in William Moore's favor, against his
involvement/guilt as to the robbery (armed or unarmed) that he was
denied federal due process and a fair trial and a miscarriage of justice
would result from allowing the conviction to stand.

III.    Defendant's conviction of armed robbery must be reversed where there
was insufficient evidence as a matter of law to sustain that conviction. The

3

trial court should have granted his motion to quash, for directed verdict or new trial. . . .

IV.     Defendant was denied fundamental due process and a fair trial by each individual error noted herein before and the cumulative effect of such errors.

Petitioner filed the following additional claims in a pro per supplemental brief:

I.      Defendant/appellant was denied effective assistance of trial counsel where. . . the inadequate performance . . . made by trial counsel prejudiced the defendant Moore and denied him the right to a fair trial and effective assistance of counsel and a miscarriage of justice resulted.

        1.      Was the prosecutor's misconduct during opening and closing comments a critical-stage of trial proceedings and trial counsel failed to request instruction to the jury of such damaging comments?

        2.      Was counsel ineffective in failing to properly cross examine certain government witnesses in order to lay the foundation for impeaching these witnesses through extrinsic evidence of their prior inconsistent statements?

        3.      Was counsel ineffective for failing to properly cross examine witnesses to permit the jury to distinguish Mr. Moore's actions and culpability from the victim and witnesses?

        4.      Was counsel ineffective for failing to object to the . . . inadmissible testimony and prosecutorial misconduct?

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Moore*, No. 280192 (Mich. Ct. App. January 13, 2009).

Petitioner file an application for leave to appeal in the Michigan Supreme Court. The application was denied. *People v. Moore,* 483 Mich. 1020 (Mich. 2009).

Petitioner then filed the pending habeas corpus petition.  He raises these claims:

I.      Prosecutorial misconduct.

II.     The guilty verdict of armed robbery is against the great weight of the evidence.

4

III.    Insufficient evidence.

IV.    Denied due process (Cumulative Error).

### III.  Standard of Review

Petitioner's claims are reviewed against the standards established by the

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.

1214 (AEDPA).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an
>        unreasonable application of, clearly established Federal law,
>        as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable
>        determination of the facts in light of the evidence presented
>        in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the

Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*,

529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute

permits a federal habeas court to 'grant the writ if the state court identifies the correct

governing legal principle from [the Supreme] Court but unreasonably applies that

principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)

(*quoting Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).  "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412.  Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).  "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower

6

federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. Analysis

### A. Prosecutorial Misconduct

Petitioner argues that the prosecutor committed misconduct by referencing his unemployment and financial status during trial and by implying that the prosecutor and police were certain of Petitioner's guilt.

Respondent argues that Petitioner's prosecutorial misconduct claims are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Here, the interests of judicial economy are best served by addressing the merits of these claims.

"Prosecutorial misconduct may warrant habeas relief only if the relevant

7

misstatements were so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process deprivation." *Caldwell v. Russell*, 181 F.3d 731, 736 (6th Cir. 1999). The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances." *Angel v. Overberg*, 682 F.2d 605 (6th Cir. 1982). The Court must examine "'the fairness of the trial, not the culpability of the prosecutor.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997), (*quoting Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1355 (6th Cir. 1993)). The Court must first consider whether the prosecutor's conduct and remarks were improper, and, if so, consider the following four factors to determine " whether the impropriety was flagrant" and thus warrants habeas relief:

> (1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong.

*Girts v. Yanai*, 501 F.3d 743, 758-59 (6th Cir. 2007) (internal quotations omitted).

First, Petitioner argues that the prosecutor improperly referenced Petitioner's financial and employment status. The Michigan Court of Appeals held that the evidence was properly admitted because it was not offered to establish motive. Specifically, the prosecution was attempting to establish that, shortly after Petitioner said he was going to "hit a lick," he was seen carrying cash. The court of appeals reasoned: "Demonstrating that defendant did not have an income flow assisted the prosecution with creating the inference that the robbery was the source of the funds." *Moore*, slip op. at 2. The state court's reading is reasonable. The prosecutor did not ask the jury to convict on the basis of Petitioner's unemployment or his financial status. Even if the

8

evidence was improperly admitted, the prosecutor's conduct did not render the trial fundamentally unfair.

Moreover, to the extent that Petitioner challenges the state court's evidentiary ruling that this evidence was properly admitted under Minn. R. Evid. 702, habeas relief is not available for such an alleged error.  *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Second, Petitioner argues that the prosecutor improperly implied that the police and prosecutor were certain of Petitioner's guilt.  Petitioner takes issue with the following portion of the prosecutor's closing argument:

> Clearly, once they got Mr. Moore's coat into evidence, there's no need to test that hat or that coat.  This isn't a who done it case as far as the police are involved.  Mr. Moore is the person who did it and there's really no reason for any of that forensic evidence and we don't need that evidence to decide the case.  That's not anything I'm required to prove to you, all the different things about that, and you heard testimony from the officers about dusting for prints.  He said he couldn't dust for prints. They did things but at some point they realized that this is the person that was involved.  This was the person that was involved, Mrs. Knight – Mrs. Elam said she gave them the name Mr. Moore, Mr. Smith said he cooperated and gave the name of Mr. Moore. There's issue [sic] that is was Mr. Moore.

Tr., Vol. II, at 57-58.

The Michigan Court of Appeals found Petitioner's argument that the foregoing amounted to the prosecutor and police vouching for Petitioner's guilt unavailing. Defense counsel had questioned certain witnesses about whether forensic testing had

been done.  The state court reasoned that the prosecutor was simply responding to rebut the implication that the failure to conduct forensic testing represented a flaw in the investigation or some failure on the part of law enforcement.

The Michigan Court of Appeals' analysis is reasonable.  Petitioner has not shown that the prosecutor's arguments, aimed at explaining the course of the robbery investigation, unfairly prejudiced him.  The prosecutor did not ask the jurors to convict based upon his or the investigators' belief in Petitioner's guilt.  Instead, the prosecutor discussed the investigation and the evidence against Petitioner.  This is proper trial strategy.

Overall, Petitioner is not entitled to habeas relief on his prosecutorial misconduct claim.

### B.  Great Weight of the Evidence

Petitioner argues that his conviction is against the great weight of the evidence. In Michigan, a trial court may order a new trial "where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *People v. Lemmon*, 456 Mich. 625, 642, 576 N.W.2d 129, 137 (1998) (internal quotation omitted).  *Id.* at 634, 576 N.W.2d at 133 (citing Mich. Comp. Laws § 770.1 and Mich. Ct. R. 6.431(B)).  The grant of a new trial under these circumstances is distinct from the due process issues raised by insufficient evidence, and "does not implicate issues of a constitutional magnitude."  *Id.* at 634 n. 8, 576 N.W.2d at 133.  Thus, a claim that a verdict is against the great weight of the evidence alleges an error of state law, which is not cognizable on habeas review.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus relief does not lie for errors of state law").  As such,

10

Petitioner cannot obtain relief on this claim.

### C. Sufficiency of the Evidence

Next, Petitioner argues that insufficient evidence was presented to sustain his conviction because no evidence was presented that the perpetrator was armed.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006), *quoting Jackson*, 443 U.S. at 324 n.16.

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), *citing Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, *citing Jackson,* 443 U.S. at 319. Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not

11

unreasonable." *Id.* "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003), *citing Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, __ U.S. __, 130 S. Ct. 665, 674 (2010), *quoting Jackson*, 443 U.S. at 326.

Under Michigan law, the elements of armed robbery as "(1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute." *People v. Johnson*, 206 Mich.App. 122, 123, 520 N.W.2d 672, 673 (1994). The Michigan Court of Appeals although not specifically citing *Jackson*, clearly applied the *Jackson* standard and held that sufficient evidence was presented to sustain Petitioner's conviction, stating, in relevant part:

> In challenging the sufficiency of evidence, defendant only contests that the prosecution failed to prove the second element of armed robbery. Specifically, defendant appears to argue that the prosecution was required to show that he displayed a weapon or an object that looked like a weapon to Knight and that he explicitly threatened her with a weapon. In support of this notion, defendant cites to *Banks*, in which the Court stated:
>
>> The victim testified that she thought defendant's accomplice had a weapon of some kind, but that she never saw any article that resembled the weapon, or a bulge under the accomplice's coat that conceivably could have been a weapon, or his hand shaped to look like a weapon. Furthermore, the victim did not testify that either defendant or his accomplice threatened that the victim would be shot or stabbed with any alleged weapon. The victim's testimony cannot be the basis for an armed robbery conviction. *Banks, supra*,

12

at 475.

> The quote relied upon by defendant is completely inapposite to the facts of this case. Knight testified that while the perpetrator was demanding she open her register, he was pointing a sock covered object at her and the object was shaped like a gun. She also testified that the object placed her in fear. While Banks highlights that neither the defendant nor his accomplice threatened the victim, the Court did not state that a verbal threat was necessary. Pointing a gun shaped object at someone while wearing a mask and demanding money is universally recognized as threatening behavior. Defendant's argument is completely lacking in merit. The trial court properly denied defendant's motion for a directed verdict as sufficient evidence was presented in support of the charged offense. Defendant is not entitled to relief.

*Moore*, slip op. at 4-5.

Viewing the facts in the light most favorable to the prosecution, the trial testimony established that Petitioner committed the robbery and that he was armed when doing so. The circumstances of the robbery described by the victim would have led the victim to reasonably believe that Petitioner carried a dangerous weapon in the sock he pointed at the victim. The court of appeals was reasonable in concluding the same. Accordingly, Petitioner is not entitled to habeas relief on this claim.

## D.  Cumulative Error

Finally, Petitioner argues that the cumulative effect of the errors alleged in the petition aggregated to deny him his right to due process. This claim has no merit because "[t]he Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002), *opinion corrected on denial of reh'g*, 307 F.3d 459 (2002), and *cert. denied*, 538 U.S. 947 (2003).

## V.  Conclusion

13

For the reasons stated above, Petitioner's Motion for Leave to Authorize

Discovery and the petition for a writ of habeas corpus are DENIED.  Furthermore,

reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor

conclude that the issues deserve encouragement to proceed further.  The Court

therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).

*See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  May 27, 2011


I hereby certify that a copy of the foregoing document was mailed to William Moore,
215135, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway Ionia, MI
48846 and the attorneys of record on this date, May 27, 2011, by electronic and/or
ordinary mail.


 S/Julie Owens
Case Manager, (313) 234-5160


14